## ATEN vs. MORGAN.

COLUMBIANA.
December 1817

Aten
*v.*        It appearing by the justice's transcript, that the matter in dispute between
Morgan.        the parties before him, was of an amount exceeding his jurisdiction,
his proceedings were wholly *coram non judice.*

A magistrate's certificate of a fact not within his judicial cognizance is a nullity.

This case is fully stated in the opinion of the court, which was now delivered by the

PRESIDENT.—This is an action of assumpsit; the first count of the declaration is an *indebitatus* for the use and occupation of a certain dwelling house, buildings, and land; the second count is a *quantum menuit*, for the like use and occupation; the third count, is on an award, and the fourth on an account stated. To this action the defendant has put in two pleas, first, the general issue to the whole declaration; and secondly, " that before the commencement of this suit, to wit, on the 7th day of May, in the year 1814, the said Henry and the said Samuel, amicably entered suit, before George Clark, Esquire, a justice of the peace in said county, duly qualified, for the same identical promises and undertakings, on which such proceedings were thereon duly had, that afterwards, on the 28th day of the same month of May, the said Henry, by the consideration and judgment of the said justice, recovered judgment against the said Samuel, on said suit, for his damages and costs; whereof the said Samuel was convicted, as by the docket of said justice, a transcript whereof is now here in court, will more fully and at large appear"—with an averment that the justice's judgment was for the same promises, and that it still remains in full force. Upon these pleadings, the parties are at issue, and by agreement the cause has been heard by the court, and is to be decided without the intervention of a jury.

It is first necessary to consider the evidence adduced to support the defendant's special plea, because, if that is proven, it is decisive of the rights of the parties in this action.

A transcript from the docket of Mr. justice Clark, has been read, and relied on by the defendant, as proving the averments in his second plea. This transcript sets forth, that these parties, on the 7th May 1814, appeared, and amicably agreed to submit their

difference to the arbitrament and final decision of J. R. R. <span>COLUMBIANA.</span>
B. and J. F. to meet at the justice's on the 28th May; that <span>December 1817</span>
on the 28th May, the parties, witnesses, and arbitrators <span>Aten</span>
met; that the witnesses and arbitrators were qualified, <span>v.</span> <span>Morgan.</span>
" who, after making an examination, made out their award, and brought
in damages in favor of the plaintiff, 150 bushels of Corn or Rye, to be
delivered in Fishel's mill, against the 30th day of January, 1815."
Then follows: "judgment is rendered thereon for the same and cost of
suit "—then a bill of cost is made out, and " 4th April, 1815, Execution
issued for $112 50," or $126 15, it is uncertain which.

It is well established, that the judgment of an inferior court must
appear, on the face of it, to have been rendered in a matter of which
such court had jurisdiction, or it is voidable. If it appears, on the
proceedings of such court, that it has adjudicated on a matter without
its jurisdiction, such proceedings are wholly void; the proceedings of
the justice in this instance are of the latter description. The statute
law in force at the time, 8th Vol. page 515, extended the jurisdiction
of justices of the peace, in civil cases, to any sum not exceeding seventy
dollars, and provided, page 159, " that when parties agree to enter, with-
out process, before any justice of the peace, *any action herein made cogniz-
able before him,* such justice shall enter the same on his docket," &c.—And
further, page 520, " that any time before judgment is entered for any
sum, the plaintiff and defendant agreeing thereto, may have the cause
submitted to the arbitration of three disinterested men," &c. The law
gives to a justice of the peace jurisdiction to any sum *not exceeding
seventy dollars ;* consent of parties can never give jurisdiction to a court,
in a case where no sum, in damages, was demanded, where no cause
of action is set forth ; the justice has proceeded to render a judgment
altogether void for its uncertainty, it not being for any sum whatever,
and has afterwards proceeded to issue an execution for forty-two dollars
and fifty cents or more, beyond the utmost limit of his jurisdiction. If
we are to intend the judgment to have been given for any sum of debt or
damages, from the execution issued, and thereby attempt to support
the judgment, such calculation would make the amount of the judg-
ment one hundred and twelve dollars and fifty cents, exclusive of costs
and interest, a judgment not warranted by law, and therefore void.

The transcript exhibited in support of the plea in bar, being
then of a proceeding *coram non judice,* cannot be received as evidence,

COLUMBIANA. and the plaintiff must therefore, have judgment on the December 1817 issue joined upon that plea.

Aten
v.
Morgan.

The plaintiff relies on the award set forth in this transcript, in support of the third count in his declaration; and if the parties have submitted any manner of difference to arbitration and such matter has been heard and decided between them, by judges of their own choosing, such decisions may be good evidence on this count, the interference of the justice being wholly illegal and void, cannot effect and vitiate a legal submission and award; but the certificate of the justice cannot be received as competent evidence of any act done by others concerning which he had no cognizance; it is no evidence in this matter, of the submission or award, because he had no authority to certify it. In this respect his act is of no more validity than would have been the certificate of any other spectator of the transaction, so that the third count in the plaintiff's declaration must rest wholly on the parole evidence adduced in its support, and that it is very loose and unsatisfactory, not informing us what matters were submitted by these parties, or what was awarded by the arbitrators; it goes no further than to prove, that at some time a claim of the plaintiff, for rent, was arbitrated between him and the defendant; this defect of proof has arisen, probably, from the parties both relying on the transcript of the justice as evidence. The plaintiff, in support of his third count, and the defendant of his plea in bar, as it is the the third count, remains unsupported by evidence, and the same observation may be made as to the fourth count.

To entitle the plaintiff to recover on the first or second count, it is in proof that the defendant had the use and occupation of fifty or sixty acres of the plaintiff's land several years, for the last year of which he has made no compensation to him; taking into consideration all the testimony as to the value of such use and occupation, on the very loose evidence exhibited, we assess the plaintiff's damages on the second count of his declaration, at 50 dollars.